UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 3:22-cr-99 |
| v. ) | |
| ) | Judges Crytzer/McCook |
| MICHAEL BELL ) | |
| ) | |

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, the Defendant, Michael Bell, and the Defendant's attorney, Cullen Wojcik, have agreed upon the following:

1.  The Defendant will plead guilty to Count One in the Indictment, which charges the Defendant with conspiracy to distribute fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). The punishment for this offense is a minimum term of imprisonment of at least ten years and up to life, a term of supervised release of at least five years and up to life, a fine of up to $10,000,000, any applicable forfeiture, and a $100 special assessment.

2.  There are no remaining counts in the Indictment.

3.  The Defendant has read the Indictment, discussed the charge and possible defenses with defense counsel, and understands the crime charged. The Defendant is pleading guilty because the Defendant is, in fact, guilty.

4.  To be found guilty, the Defendant agrees that each of the following elements must be proved beyond a reasonable doubt: (1) the Defendant agreed with

others to violate the federal drug laws, (2) the Defendant joined the conspiracy knowingly and intentionally, (3) the Defendant participated in the conspiracy, and (4) the overall scope of the conspiracy involved the distribution of 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers.

5. In support of the Defendant's guilty plea, the Defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the Defendant's guilty plea. They do not necessarily constitute all the facts in the case. Other facts may be relevant to sentencing. Both the Defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence.

(a) Beginning in spring of 2021, agents with the Federal Bureau of Investigation and the Knox County Sheriff's Office began investigating a drug-trafficking organization that was distributing large quantities of ice methamphetamine in the Eastern District of Tennessee. Agents learned that Travis Burgins would sell and redistribute ice methamphetamine to lower-level dealers in the Eastern District of Tennessee. The defendant, Michael Bell, was a lower-level dealer in the Eastern District of Tennessee who obtained a quantity of ice methamphetamine from his supplier for resale and distribution.

Specifically, on September 1, 2021, agents made a controlled purchase of ice methamphetamine from the Defendant within the Eastern District of Tennessee. Agents used a confidential source to contact the Defendant's supplier about purchasing ice methamphetamine.

The source met the Defendant later that day in a parking lot to conduct the purchase of ice methamphetamine. The Defendant arrived at the scene driving a white Chevy Malibu. The Defendant exited his vehicle and approached the driver's side window of the source's vehicle. The Defendant then provided the source with approximately 55 grams of ice methamphetamine in exchange for $700 in documented U.S. currency. After the transaction, the Defendant returned to his vehicle and departed.

The Defendant admits he obtained and distributed in excess of 50 grams of ice methamphetamine in furtherance of a drug-trafficking conspiracy within the Eastern District of Tennessee. Under Federal Rule of Criminal Procedure 11(c)(1)B), the parties agree and stipulate that, for sentencing purposes, the Defendant is personally responsible for conspiring to distribute between 50 grams to 150 grams of actual methamphetamine.

6. The Defendant understands that, by pleading guilty, the Defendant is giving up several rights, including:

    a) the right to plead not guilty;

    b) the right to a speedy and public trial by jury;

    c) the right to assistance of counsel at trial;

    d) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the Defendant guilty beyond a reasonable doubt;

    e) the right to confront and cross-examine witnesses against the Defendant;

f) the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

g) the right not to testify and to have that choice not used against the Defendant.

7. The parties agree that the appropriate disposition of this case would be the following as to each count:

a) The Court may impose any lawful term of imprisonment, any lawful fine, and any lawful term of supervised release up to the statutory maximum;

b) The Court will impose a special assessment fee as required by law; and

c) The Court may order any applicable forfeiture and restitution.

8. No promises were made by any United States representative to the Defendant as to what the sentence will be. Any estimates or predictions made to the Defendant by defense counsel or any other person regarding any potential sentence are not binding on the Court and may not be used as a basis to rescind this plea agreement or withdraw the Defendant's guilty plea(s). The Defendant understands that the imposed sentence will be determined by the Court after it receives the presentence investigation report from the United States Probation Office and any information presented by the parties. The Defendant acknowledges that the sentencing determination will be based upon the entire scope of the Defendant's criminal conduct, the Defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and 18 U.S.C. § 3553.

9. Given the Defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the Defendant's offense level is 16 or greater, and the Defendant is awarded the two-level reduction under Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level under Section 3E1.1(b). Should the Defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the Defendant's offense, the United States will be free to decline to make such motion, to withdraw that motion if already made, and to recommend to the Court that the Defendant not receive any reduction for acceptance of responsibility under Section 3E1.1.

10. The Defendant agrees to pay the special assessment before sentencing.

11. The Defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The Defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the Defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the Defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The Defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The Defendant and counsel

also agree that the Defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the Defendant's counsel and outside the presence of the Defendant's counsel. To facilitate the collection of financial obligations to be imposed with this prosecution, the Defendant agrees to disclose fully all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. The Defendant also agrees to the following terms and conditions:

    a) If requested by the United States, the Defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The Defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

    b) The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the Defendant to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court.

    c) If requested by the United States, the Defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the Defendant.

12. The Defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further

6

demonstration of the Defendant's acceptance of responsibility for the offense(s) committed, the Defendant voluntarily, knowingly, and intentionally agrees to the following:

  a)  The Defendant will not file a direct appeal of the Defendant's conviction or sentence with one exception: The Defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The Defendant also waives the right to appeal the Court's determination as to whether the Defendant's sentence will be consecutive or partially concurrent to any other sentence.

  b)  The Defendant will not file any motions or pleadings under 28 U.S.C. § 2255 or otherwise collaterally attack the Defendant's conviction(s) or sentence, with two exceptions: The Defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

  c)  The Defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

  13.  This plea agreement becomes effective once it is signed by the parties and is not contingent on the Defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the Defendant will have the right to

7

withdraw from this agreement. If the Defendant violates the terms of this plea agreement (including failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the Defendant for all federal crimes that the Defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The Defendant expressly waives any statute-of-limitations defense and any constitutional or speedy-trial or double-jeopardy defense. The Defendant also understands that a violation of this plea agreement does not entitle the Defendant to withdraw the Defendant's guilty plea(s).

14. The United States will file a supplement as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

15. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the Defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the Defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all parties and that all other promises, representations, and

8

statements whether made before, contemporaneous with, or after this agreement, are null and void.

|  |  |
|---|---|
| December 21, 2022<br>Date | FRANCIS M. HAMILTON III<br>UNITED STATES ATTORNEY<br><br>By: *(signature)*<br>RUSS SWAFFORD<br>Assistant United States Attorney |
| 12.21.22<br>Date | *(signature)*<br>MICHAEL BELL<br>Defendant |
| 12/21/22<br>Date | *(signature)*<br>CULLEN WOJCIK<br>Attorney for the Defendant |

9